**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6410**

EDMOND STANLEY ADAMS, III, a/k/a Edmond Adams,

            Petitioner - Appellant,

      v.

WARDEN EAGLETON,

            Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  David C. Norton, District Judge. (6:12-cv-03424-DCN)

Submitted:  October 27, 2016          Decided:  November 9, 2016

Before SHEDD, KEENAN, and DIAZ, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Edmond Stanley Adams, III, Appellant Pro Se.  Donald John Zelenka, Senior Assistant Attorney General, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edmond Stanley Adams, III, seeks to appeal two district court orders: (1) the district court's February 18, 2016 order denying Adams's Fed. R. Civ. P. 60(b) motion for relief from the court's prior judgment denying his 28 U.S.C. § 2254 (2012) petition, and (2) the March 10, 2016 order denying his motion to recuse and related motions. The February 18 order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484–85.

We have independently reviewed the record and conclude that Adams has not made the requisite showing. The district court

2

lacked jurisdiction to deny Adams's Rule 60(b) motion on the merits because the claims he raised challenged the validity of his state convictions, and thus the motion should have been construed as a successive 28 U.S.C. § 2254 petition. See Gonzalez v. Crosby, 545 U.S. 524, 531–32 (2005) (explaining how to differentiate a true Rule 60(b) motion from an unauthorized second or successive habeas corpus petition); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (same). In the absence of prefiling authorization from this court, the district court lacked jurisdiction to hear a successive § 2254 petition. See 28 U.S.C. § 2244(b)(3) (2012). Accordingly, we deny a certificate of appealability and dismiss the appeal of the district court's February 18 order. Adams remains free, however, to pursue the legal issues identified in his Rule 60(b) motion in a motion pursuant to 28 U.S.C. § 2244 (2012).

The district court's March 10 order denied Adams's motion to recuse and related motions. On appeal, we confine our review to the issues raised in the Appellant's brief. See 4th Cir. R. 34(b). Because Adams's informal and supplemental informal briefs do not challenge the basis for the district court's disposition of the March 10 order, Adams has forfeited appellate review of the order. See Williams v. Giant Food Inc., 370 F.3d 423, 430 n.4 (4th Cir. 2004). Accordingly, we affirm the district court's March 10 order. We dispense with oral argument

3

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>

4